```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JUMA JONES, MARK ALLEN, AND       :
KENNETH COMBS                     :
                                  :
v.                                :    CIV. NO. 3:13CV1007 (WWE)
                                  :
EAST HARTFORD POLICE              :
DEPARTMENT,                       :
CHIEF MARK SIROIS                 :
```

RULING ON DEFENDANTS' MOTIONS FOR SANCTIONS AS TO
DEFENDANTS KENNETH COMBS AND MARK ALLEN [DOC. ##38-39]

Pending before the Court are the motions of defendants East Hartford Police Department and Chief Mark Sirois ("defendants") for sanctions against plaintiffs Kenneth Combs and Mark Allen (hereinafter collectively referred to as "plaintiffs") for failure to comply with the Court's September 4, 2014 discovery order. [Doc. ## 38-39].[1]  Plaintiffs have failed to file a response in opposition to defendants' motions.  After careful consideration, and absent objection, the Court **GRANTS** defendants' motions for sanctions, as articulated below.

On August 13, 2014, defendants filed a motion to compel plaintiffs to file answers to defendants' first set of interrogatories and requests for production dated February 12, 2014. [Doc. #32]. Defense counsel represented that she had made numerous attempts to obtain plaintiffs' responses, but to no avail. Plaintiffs failed to respond to defendants' motion to compel. The Court, upon review and absent objection, granted defendants' motion to compel and ordered that plaintiffs serve their responses to defendants' discovery requests by September 15, 2014. [Doc. #34]. The Court further noted that, "Failure to provide timely responses may result in the imposition of sanctions. Fed. R. Civ. P. 37."

---

[1] Defendants take no issue with plaintiff Juma Jones's discovery responses.

[Id.].

On October 8, 2014, defendants filed motions for sanctions against plaintiffs Allen and Combs for their failure to comply with the Court's September 4, 2014 Order. [Doc. ##38-39]. On September 15, 2014 at 10:00 P.M., defendants received unverified discovery responses for both plaintiffs. Defendants represent that plaintiff Allen's responses are devoid of much of the information requested. He also failed to produce any documents, but rather stated that certain documents were "to be supplied." Defendants further allege that plaintiff Combs's interrogatory responses were not fully responsive, and that he too failed to produce any documents, stating instead that documents in response to certain requests were "to be supplied." Defense counsel emailed plaintiffs' counsel on September 17 and October 3, 2014, seeking discovery compliance. As of October 8, 2014, plaintiffs' counsel had failed to respond. In addition to attorney's fees, defendants also seek orders prohibiting plaintiffs from supporting certain claims, and from introducing certain evidence at trial.

Federal Rule of Civil Procedure 37 "provides a non-exclusive list of sanctions that may be imposed on a party for failing to obey an order to provide or permit discovery." Martinelli v. Bridgeport Roman Catholic Diocesan Corp., 179 F.R.D. 77, 80 (D. Conn. 1998) (citing Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd., 930 F.2d 1021, 1027 (2d Cir. 1991); Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii)). Included amongst this list of sanctions is, "prohibiting the disobedient party from supporting [] designated claims [], or from introducing designated matters in

2

evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Rule 37 also permits the Court to order the disobedient party, his attorney, or both, to pay the reasonable expenses, including attorney's fees, caused by the noncompliance. Fed. R. Civ. P. 37(b)(2)(C). "Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." <u>Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine</u>, 951 F.2d 1357, 1363 (2d Cir. 1991) (citation omitted).

Here, plaintiffs' have failed to comply with the Court's September 4, 2014 Order. Their attorney, Josephine Miller, has also been largely non-responsive to defense counsel's inquiries. Further compounding this, plaintiffs have now failed to respond to three motions filed by defendants. As such, after a careful review of defendants' motions, and in light of plaintiffs' failure to respond, the Court **GRANTS** defendants' motions for sanctions [Doc. ##38-39], as follows.

**<u>Plaintiff Combs</u>** is precluded from introducing into evidence any documents not produced to date in support of his claim of disparate treatment, including damages. With respect to plaintiff Combs's answers to defendants' interrogatories, if such answers are not verified by November 10, 2014, then he will be precluded from introducing into evidence any facts contained therein which support his disparate treatment claim. If such answers are verified by this date, then plaintiff Combs will be held to the statements set forth in the verified responses.

**<u>Plaintiff Allen</u>** is also precluded from introducing into

3

evidence any documents not produced to date in support of his disparate treatment and retaliation claims. With respect to plaintiff Allen's answers to defendants' interrogatories, if such answers are not verified by November 10, 2014, then he will be precluded from introducing into evidence any facts contained therein which support his disparate treatment and retaliation claims. If such answers are verified by this date, then plaintiff Allen will be held to the statements set forth in the verified responses.

The Court will also award defendants their reasonable attorney's fees incurred as a result of plaintiffs' failure to comply with the Court's September 4, 2014 Order, which shall be borne by Attorney Miller. Defendants will file a sworn affidavit with supporting documents in support of the fees sought, within fourteen (14) days of this ruling. The Court will then provide Plaintiffs' counsel ten (10) days in which to object to the reasonableness of the fees sought.

Accordingly, defendants' motions for sanctions [Doc. ##38-39] are **GRANTED**.  This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 5th day of November 2014.

```
      _____/s/_____
      HOLLY B. FITZSIMMONS
      UNITED STATES MAGISTRATE JUDGE
```