UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JUMA JONES, MARK ALLEN, AND KENNETH COMBS :
:
v. : CIV. NO. 3:13CV1007 (WWE)
:
EAST HARTFORD POLICE DEPARTMENT, CHIEF MARK SIROIS :

RULING ON PLAINTIFFS' MOTION FOR RECONSIDERATION [DOC. #43]

Plaintiffs Kenneth Combs and Mark Allen ("plaintiffs") seek reconsideration of the Court's November 5, 2014 ruling granting defendants' motions for sanctions. [Doc. #41]. Defendants object to plaintiffs' motion for reconsideration. [Doc. #44] For the reasons articulated below, the motion for reconsideration [Doc. #43] is DENIED.

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice." Whitserve, LLC v. GoDaddy.com, Inc., 3:11-CV-948 JCH, 2013 WL 1442449, at *1 (D. Conn. Apr. 9, 2013) (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956

F.2d 1245, 1255 (2d Cir. 1992)). "However, it is not "appropriate to use a motion to reconsider solely to re-litigate an issue already decided." Conn. Com'r of Labor v. Chubb Grp. of Ins. Companies, 3:11CV00997 AWT, 2013 WL 836633, at *1 (D. Conn. Mar. 6, 2013) (quoting SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006)); see also Lego A/S v. Best-Lock Const. Toys, Inc., No. 3:11cv1586 CSH, 2013 WL 1611462, at *2 (D. Conn. Apr. 15, 2013) (citation omitted) ("A motion for reconsideration is not simply a second bite at the apple for a party dissatisfied with a court's ruling…").

Plaintiffs seek reconsideration of the Court's ruling because counsel, Josephine Miller, was out of the country from July 31 through August 17 and returned to "1100 emails, multiple motions for summary judgment, motion for protective order, and motions to strike that were filed during that absence that required review and/or response." [Doc. #43, 1]. Attorney Miller further represents that she has been suffering from a medical condition which required bed rest for three weeks. [1] Plaintiffs further represent that their failure to produce responsive documents was inadvertent and that they should not be penalized with a preclusion order because of "these various matters related to counsel." Plaintiffs further argue that monetary sanctions should stand only where the Court determines that counsel's actions were without cause. Defendants respond that

[1] Attorney Miller submitted an ex parte affidavit via letter dated November 22, 2014, where she further details her medical condition and the resulting impact on her work.

Attorney Miller's representations are not excusable grounds for reconsideration and that Attorney Miller had ample opportunity to object to defendants' motions and/or move for extensions of time to do so. The Court agrees.

Plaintiffs have not met the strict standard for granting a motion for reconsideration. Plaintiffs fail to establish any of the three grounds warranting reconsideration. Although the Court appreciates the burdens faced by many solo practitioners, particularly when compounded by a medical condition, this does not excuse Attorney Miller's complete neglect of all deadlines or her failure to respond to motions and court orders. Here, Attorney Miller failed to respond to defendants' motion to compel, failed to fully comply with the Court's order granting defendants' motion to compel, failed to respond to defendants' motions for sanctions, and failed to heed the Court's warning that unless plaintiffs verified their interrogatory answers by November 10, 2014, they would be precluded from introducing into evidence any facts contained therein to support their claims. The time for plaintiffs to oppose the motions for sanctions arose at the time the motions were filed, not after the Court had ruled. See Wechsler v. Hunt Health Sys., Ltd., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002) (quoting Polsby v. St. Martin's Press, Inc., No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)) ("A party seeking reconsideration 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to

advance new theories or adduce new evidence in response to the court's rulings.'"); see also In re Rezulin Prod. Liability, 224 F.R.D. 346, 352 (S.D.N.Y. 2004) (explaining that a litigant cannot decline to address an issue, either through inadvertence or as a strategic maneuver, and then expect the court to grant reconsideration to advance arguments that it previously could and should have made). Finally, to the extent plaintiffs argue that the failure to produce documents was "inadvertent," this is belied by their September 14 responses to defendants' requests for production that documents were "to be supplied." Even if this omission was inadvertent, plaintiffs have, as of November 21, 2014, failed to produce any responsive documents.

Accordingly, plaintiffs' motion for reconsideration [Doc. #43] is **DENIED.** This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 2nd day of December 2014.

/s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE