```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

JUMA JONES, MARK ALLEN, AND   :
KENNETH COMBS                 :
                              :
v.                            :     CIV. NO. 3:13CV1007 (WWE)
                              :
EAST HARTFORD POLICE          :
DEPARTMENT,                   :
CHIEF MARK SIROIS             :
```

ORDER AWARDING ATTORNEY'S FEES

On November 5, 2014, the Court granted upon review and absent objection the motion of defendants East Hartford Police Department and Chief Mark Sirois ("defendants") for sanctions against plaintiffs Mark Allen and Kenneth Combs ("plaintiffs"). [Doc. #41]. In that ruling, the Court awarded defendants their reasonable attorney's fees incurred as a result of the plaintiffs' failure to comply with the Court's September 4, 2014 discovery order. [Id. at 4]. Pursuant to the Court's order, on November 20, 2014, defense counsel Alexandria L. Voccio filed a sworn affidavit in support of the fees sought. [Doc. #42]. The Court provided plaintiffs' counsel, Josephine Miller, ten (10) days in which to object to the reasonableness of the fees sought. As of today's date, Attorney Miller has not objected.[1]

The Court concludes that defendants' request for an award of $449.50 in fees is reasonable and should be granted. The Second Circuit has held that when determining the amount of compensatory sanctions to be awarded, "due process requires, at a minimum, that: (1) the party seeking to be compensated provide

---

[1] Plaintiffs filed a motion for reconsideration of the Court's ruling granting defendants' motion for sanctions [Doc. #43], which the Court denied [Doc. #47].

competent evidence, such as a sworn affidavit, of its claimed attorney's fees and expenses; and (2) the party facing sanctions have an opportunity to challenge the accuracy of such submissions and the reasonableness of the requested fees and expenses." Mackler Productions, Inc. v. Cohen, 225 F.3d 136, 146 (2d Cir. 2000) (citations omitted). In this case, both requirements have been satisfied. Defense counsel has submitted a sworn affidavit to the Court, with supporting documentation, asserting that defendants have incurred $449.50 in fees as a result of plaintiffs' failure to comply with the Court's September 4, 2014 discovery order and asserting that the fees incurred for professional services are fair and reasonable. [Doc. #42-1, Voccio Aff., ¶¶4-10].  Attorney Miller was provided an opportunity to object to the fees sought. [Doc. #41, 4]. She has failed to do so.  The Court has independently examined defendants' request and concludes that it is reasonable under the circumstances. The hourly rate of $155 requested by Attorney Voccio appears reasonable in light of the Court's familiarity with Attorney Voccio and her experience. Thus, the Court awards defendants $449.50 in attorney's fees.[2]

    ENTERED at Bridgeport this 18th day of December 2014.

                                      ___/s/_____
                                      HOLLY B. FITZSIMMONS
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.